IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV360-03-MU

| | |
|---|---|
| STEVEN TOMAN, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| MECKLENBURG COUNTY SHERIFF'S DEPARTMENT, CAPTAIN JEFF EASON, CAROLYN NORMAN, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 6, 2008. (Document No. 1.) In his Complaint, Plaintiff contends that his mother passed away on October 30, 2006 and despite a court order directing the sheriff to transport him to the funeral/memorial service, he was not taken to the funeral and was unable to "pay last respects to his mother." Plaintiff contends that the Defendants' failure to transport him to his mother's funeral violated the his civil rights. Plaintiff contends that his has suffered annoyance and anxiety as a result of not being able to attend his mother's funeral and asks for $200,000 from each Defendant.

The Court notes that it has already once denied an almost identical complaint filed by Petitioner. (See 3:08cv360, Doc. No. 2.) The only difference in the instant Complaint is that Plaintiff added Defendant Carolyn Norman, transport officer at Mecklenburg County Jail. Plaintiff has still not stated a cause of action pursuant to 42 U.S.C. § 1983. A cause of action pursuant to 42 U.S.C. § 1983 requires deprivation of a right secured by the Constitution or other laws of the United States by a person acting under color of state law. As stated in this Court's previous Order,

Plaintiff's allegation that his civil rights were violated when he was denied the opportunity to attend his mother's funeral does not rise to a constitutional violation. "A prisoner does not retain a liberty interest in attending a family members funeral and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life." Rodriguez v. Woodruff, 2006 WL 2620472 (S.D.Tex. September 12, 2006); see Sandin v. Conner, 515 U.S. 472, 484-86 (1985). Moreover, this Court and other courts that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. See e.g. Bradley v. Beck, 2001 WL 34610459 (W.D.N.C. October 19, 2001) (fact that some prisoners are allowed to attend family members' funerals is result of grace, not constitutional right); Cruz v. Sielaff, 767 F.Supp 547, 550 (S.D.N.Y. 1991) (no federal right recognized under § 1983 to attend uncle's funeral);Hilliard v. Andrews, 2005 WL 1629954 (W.D.La July 8, 2005) ("'Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother's funeral); Pegues v. Rogers, 2007 WL 951896 (N.D. Ind. March 27, 2007) (no constitutional violation when plaintiff was not able to attend mother's funeral. If court order was violated, that issue is more properly raised before the court that issued the order); Adams v. Garland County Detention Center, 2006 WL 1361121 (W.D.Ark. May 17, 2006) ( no constitutional violation when Plaintiff was denied opportunity to attend mother's funeral).

While it is unfortunate that Plaintiff was unable to attend his mother's funeral, that denial does not state a claim for relief under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint is dismissed as frivolous and for failing to state a claim. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

SO ORDERED.

Signed: August 11, 2008

Graham C. Mullen
United States District Judge